NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0177n.06

No. 13-5808

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| EMMA HILL, | ) | **FILED**<br>Mar 05, 2014<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; OLIVER, District Judge.[*]

PER CURIAM. Emma Hill appeals the district court's judgment affirming the denial of her application for supplemental security income benefits.

In 2009, Hill filed an application for supplemental security income benefits, alleging that she became disabled on March 3, 1996. After the Social Security Administration denied the application, Hill requested a hearing before an administrative law judge (ALJ). The ALJ denied Hill relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Hill's application.

On appeal, Hill argues that, in determining her residual functional capacity (RFC), the ALJ erred by failing to incorporate more restrictive limitations on her ability to sit, stand, and walk on the basis of her disabling back pain. Hill also argues that the ALJ erred by failing to include the additional limitations in his hypothetical questions to the vocational expert and that,

---

[*] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

as a result, the ALJ could not properly rely on the expert's opinion that Hill could perform light work as a maid.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

When evaluating subjective complaints of disabling pain, we first determine "whether there is objective medical evidence of an underlying medical condition." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). If there is, we then determine whether objective medical evidence confirms the severity of the alleged pain or whether the medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. *Id.*

The ALJ's RFC determination was supported by substantial evidence. Although Hill's treatment records demonstrated that she had degenerative changes to her spine, the records did not reflect that her spinal problems had a significant impact on her strength or range of motion, and there was no objective medical evidence that corroborated Hill's claims of disabling pain. Further, none of Hill's treating physicians concluded that her condition would cause disabling pain or otherwise result in significant functional limitations, and Dr. Alex Guerrero, a consulting physician, concluded that Hill was not significantly limited in her ability to sit, stand, and walk.

Because the ALJ's RFC determination was supported by substantial evidence, Hill has not demonstrated that the ALJ failed to ask proper hypothetical questions to the vocational expert

or that the ALJ erred by relying on the expert's opinion that Hill could perform light work as a maid.

Accordingly, we affirm the district court's judgment.